**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEGACY MEDICAL CONSULTANTS, LP,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **Civil Action No. 4:25-CV-00492-O** |
| **ALLISON CHARLES,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**DEFENDANT ALLISON CHARLES' MOTION TO DISMISS AND BRIEF IN SUPPORT**

**TABLE OF CONTENTS**

Table of Authorities ........................................................................................................ ii

I.     Summary of Argument............................................................................................1

II.    Factual and Procedural Background .......................................................................2

III.   Argument and Authorities.......................................................................................4

    A.  Personal Jurisdiction And Minimum Contacts Doctrine ......................................4

        1.   This Court Lacks Both General and Specific Personal Jurisdiction Over
            Defendant Allison Charles. ..........................................................................6

    B.  Rule 12(b)(6) Motion To Dismiss Standard. .......................................................8

IV.    Conclusion and Request for Relief .......................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                        **Page(s)**

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009)........................................................................................................2

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................................................2, 8, 9

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985).........................................................................................................5

*Coats v. Penrod Drilling Corp.*,
    5 F.3d 877 (5th Cir. 1993) ..............................................................................................5

*Connor v. ContiCarriers and Terminals, Inc.*,
    944 S.W.2d 405 (Tex. App. Houston [14th Dist.] 1997, *no writ*) ..............................5

*Dalton v. R&W Marine, Inc.*,
    897 F.2d 1359 (5th Cir. 1990) .......................................................................................5

*Enterprise Crude GP LLC v. Sealy Partners, LLC*,
    614 S.W.3d 283 (Tex. App.—Houston [1st Dist.] 2020, *no pet.*) ...............................9

*Guidry v. Bank of LaPlace*,
    954 F.2d 278 (5th Cir. 1992) .........................................................................................8

*Ham v. La Cienega Music Co.*,
    4 F.3d 413 (5th Cir. 1993) ..............................................................................................4

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*,
    677 F.2d 1045 (5th Cir. 1982) .......................................................................................9

*McFadin v. Gerber*,
    587 F.3d 753 (5th Cir. 2009) ......................................................................................5, 6

*Moncrief Oil Intern. Inc. v. OAO Gazprom*,
    481 F.3d 309 (5th Cir. 2007) ......................................................................................5, 6

*Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*,
    9 F.3d 415 (5th Cir. 1993) ..............................................................................................4

*Stuart v. Spademan*,
    722 F.2d 1185 (5th Cir. 1985) .......................................................................................4

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002)........................................................................................................8

-

*T.O. Stanley Boot Co., Inc. v. Bank of El Paso*,
  847 S.W.2d 218 (Tex. 1992)....................................................................................................9

**Other Authorities**

FED. R. CIV. P. 8(a)(2)...........................................................................................................8

FED. R. CIV. P. 9(b) ..........................................................................................................9, 10

FED. R. CIV. P. 12(b)(6) .............................................................................................1, 2, 8, 10

-

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Defendant Allison Charles ("Charles") files her motion to dismiss the Plaintiff Legacy Medical Consultants, LP's ("Plaintiff" or "Legacy") Original Petition (the "Petition")[1] for lack of personal jurisdiction and for failure to state a claim for fraudulent misrepresentation under Federal Rule 12(b)(6), and would respectfully show as follows:

## I.    SUMMARY OF ARGUMENT

Legacy's claims against Charles should be dismissed because this Court lacks personal jurisdiction over Charles, a resident of Arizona who has never purposefully availed herself of the benefits and privileges of the laws of Texas. Charles has not committed any tortious act in Texas, nor does she conduct business within Texas.

Plaintiff's claims asserted in the Petition arise out of the parties' Agreement, which is attached to the Petition as Exhibit A.[2]    Charles executed the Agreement in Arizona. The Products (defined below) were shipped to Arizona. Charles only conducts business in Arizona. Although the Agreement is governed by Texas law, this does not subject Ms. Charles to jurisdiction in Texas. There is no forum selection clause in the Agreement whereby the parties agreed to jurisdiction of this Court. Accordingly, this Court has neither specific nor general jurisdiction over Charles and therefore the Petition should be dismissed.

In addition, Plaintiff's claim for fraudulent misrepresentation fails to meet the requirements of Fed. R. Civ. P. Rules 8 and 9 because it is not pled with particularity. Here, Plaintiff merely

---

[1] Plaintiff filed its Petition, *Legacy Medical Consultants, LP v. Allison Charles*, Cause No. 153-360524-24, in Texas District Court in Tarrant County, Texas. Defendant filed a *Notice of Removal* to remove the Petition United States District Court for the Northern District of Texas, Fort Worth Division.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Petition.

recites the legal conclusion that Charles had no intent to perform at the time of contract execution, without alleging any facts to support that claim.[3] The Petition should be dismissed pursuant to Rule 12(b)(6).

Because the Petition (1) fails to sufficiently allege personal jurisdiction, and (2) fails to adequately plead a fraudulent misrepresentation claim upon which relief may be granted, it must be dismissed.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[4]

Ms. Charles is a nurse practitioner licensed to, and actually practicing, in the State of Arizona. Ms. Charles is the sole member/owner of ACharles Consult, LLP, an Arizona limited liability company ("ACharles"), and she operates a mobile wound care clinic specializing in the treatment of patients with severe or non-healing wounds, including elderly individuals and those with autoimmune conditions.[5]

On or about December 23, 2024, Plaintiff filed its Petition in state court asserting Texas state law claims for fraudulent misrepresentation, breach of contract, and, in the alternative, quantum meruit, promissory estoppel, and unjust enrichment related to the sale of human tissue products (the "Products"). Charles was served on or around May 3, 2025.

Defendant filed a Notice of Removal, removing the proceedings to this Court on May 5, 2025.

---

[3] Under the Supreme Court ruling in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (and its predecessor, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

[4] Facts relevant for purposes of determining jurisdiction are supplied in the *Declaration of Allison Charles* filed concurrently herewith (the "Charles Decl.").

[5] Charles Decl. ¶ 3 (APPX_001).

Plaintiff claims that jurisdiction is proper because, allegedly, the Agreement was "performable in part" in Texas, Charles made misrepresentations to Legacy in Texas, and Charles was required to remit payment to Legacy in Texas.[6] Plaintiff provides *no* facts to support these claims.

The facts are as follows:

    a.  The Agreement was executed by Allison Charles;[7]

    b.  Charles is the sole member of ACharles, and Charles is a resident of Arizona;[8]

    c.  Charles executed the Agreement in Arizona;[9]

    d.  Charles received the Products in Arizona;[10]

    e.  Neither Charles nor ACharles operate or advertise in Texas;[11]

    f.  Neither Charles nor ACharles has any agents, employees, or representatives in Texas;[12]

    g.  Neither Charles nor ACharles has any property, bank accounts, tax obligations, or phone listings in Texas;[13] and

    h.  Neither Charles nor ACharles have made any representations or misrepresentations, or directed any communications, to Texas.[14]

---

[6] Petition ¶ 7.

[7] Charles Decl. ¶¶ 1, 5 (APPX_001-002).

[8] *Id.* ¶ 1 (APPX_001).

[9] *Id.* ¶ 5 (APPX_002).

[10] *Id.* ¶¶ 5–6 (APPX_002).

[11] *Id.* ¶ 7 (APPX_002).

[12] *Id.* ¶ 8 (APPX_002).

[13] *Id.* ¶ 10 (APPX_002).

[14] *Id.* ¶ 11(APPX_002).

Indeed, Plaintiff admits that Charles's principal place of residence is in Arizona,[15] and that Charles is also the sole member of ACharles, an Arizona limited liability company with a registered office located in Surprise, Arizona.[16]

Although Plaintiff is a Texas entity, the Agreement contains no reference to Plaintiff's Texas domicile, and Ms. Charles had no reasonable expectation of being subject to jurisdiction in a Texas court.

## III.    ARGUMENT AND AUTHORITIES

### A.    Personal Jurisdiction And Minimum Contacts Doctrine.

When a defendant raises the issue of personal jurisdiction in a motion to dismiss, the plaintiff has the burden to show that the court's exercise of jurisdiction is proper.[17]

A federal court may exercise jurisdiction over a non-resident defendant only if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction comports with due process under the United States Constitution.[18] Because the Texas Long-Arm Statute extends to the limits of federal due process, the Court must determine whether (1) the non-resident defendant purposefully established minimum contacts" with the forum state, and, if so, (2) whether the exercise of personal jurisdiction over the defendant would offend "traditional notions of fair play and substantial justice."[19]

---

[15] Petition ¶ 5.

[16] *Id.*

[17] *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *see also Stuart v. Spademan*, 722 F.2d 1185, 1192 (5th Cir. 1985).

[18] *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993).

[19] *Id.* at 318 (*citing Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

The minimum contacts that the Constitution requires depends on whether the court is asserting specific or general jurisdiction over the defendant.[20] When a cause of action arises out of a defendant's purposeful contacts with the forum state, the jurisdiction is "specific."[21] "For specific jurisdiction, the defendant must have purposely directed his activities at the resident of the forum and, the litigation must result from the alleged injuries that arise out of or relate to the defendant's activities directed at the forum."[22] "The focus is on the relationship between the defendant, the forum, and the litigation."[23]

"Where a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, however, due process requires that the defendant have engaged in 'continuous and systematic contacts' in the forum to support the exercise of 'general' jurisdiction."[24] Because general jurisdiction involves the exercise of jurisdiction over a claim unrelated to the defendant's contacts with the forum, "contacts of a more extensive quality and nature are required."[25]

Personal jurisdiction cannot be established only through the unilateral activity of the plaintiff.[26] The Fifth Circuit has repeatedly held that merely entering into a contract with a Texas entity, without more, is insufficient to establish minimum contacts.[27]

---

[20] *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

[21] *See e.g., Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990); *see also Connor v. ContiCarriers and Terminals, Inc.*, 944 S.W.2d 405, 410 (Tex. App. Houston [14th Dist.] 1997, *no writ*).

[22] *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 884 (5th Cir. 1993).

[23] *Id.* at 884.

[24] *Dalton*, 897 F.2d at 1361–62.

[25] *Id*. at 1362.

[26] *Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007).

[27] *McFadin*, 587 F.3d at 760; *Moncrief*, 481 F.3d at 312; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985).

1.    **This Court Lacks Both General and Specific Personal Jurisdiction Over Defendant Allison Charles.**

Plaintiff's assertion of jurisdiction is based solely on the Agreement and the parties' conduct thereunder.

Sufficient minimum contracts are not established where a contract concerns operations outside of Texas, particularly where a contract is entered into outside of Texas and where a party's performance thereunder was to take place outside of Texas.[28] The *McFadin* court found no minimum contacts where the contract at issue centered around operations outside of Texas.[29] The court also emphasized that the contract was entered into outside of Texas and that the defendant's performance was also to occur outside of Texas.[30] Further, where a party has done nothing to purposefully avail itself of doing business in the forum state, the location of the performance of a contract may be irrelevant.[31] In *Moncrief*, the court found insufficient minimum contacts, explaining that the location of performance was not dispositive where the defendant had not purposefully availed itself of conducting business in Texas.[32]

Here, Charles lacks any contacts, let alone the continuous and systematic contacts required for general jurisdiction, and Plaintiff's claim does not arise from any specific conduct directed at Texas.

This Court does not have jurisdiction over Charles and Charles is not amenable to process issued by the Courts of Texas because:

---

[28] *McFadin*, 587 F.3d at 760–61.

[29] *Id.*

[30] *Id.*

[31] *Moncrief*, 481. F.3d at 313.

[32] *Id.*

-

a.   Charles is not a resident of Texas;[33]

b.   Charles is not required to maintain, nor does she maintain, a registered agent for service in Texas;[34]

c.   Charles is a resident of Arizona with her place of residence in Arizona;[35]

d.   Charles did not execute the Agreement in Texas and no representations were ever made in Texas;[36]

e.   Charles executed the Agreement electronically in Arizona;[37]

f.   The Products at issue were delivered by Plaintiff to Arizona and Charles did not enter Texas to pick up the Products;[38]

g.   Charles does not administer the Products in Texas nor does she practice in Texas;[39]

h.   Charles does not maintain a place of business in Texas;[40]

i.   Charles does not own any real or personal property in Texas;[41]

j.   Charles does not employ any employees in Texas;[42]

k.   Charles does not maintain any bank accounts, post office boxes, tax obligations, phone listings, or mailing addresses in Texas;[43] and

l.   Charles does not pay any taxes to any local or state taxing authorities within Texas.[44]

---

[33] Charles Decl. ¶ 3 (APPX_001).

[34] *Id.* ¶ 9 (APPX_002).

[35] *Id.* ¶¶ 3–4 (APPX_001).

[36] *Id.* ¶¶ 5, 11(APPX_002).

[37] *Id.* ¶ 5 (APPX_002).

[38] *Id.* ¶¶ 5–6 (APPX_002).

[39] *Id.* ¶¶ 6–7(APPX_002).

[40] *Id.* ¶ 7 (APPX_002).

[41] *Id.* ¶ 10 (APPX_002).

[42] *Id.* ¶ 8 (APPX_002).

[43] *Id.* ¶ 10 (APPX_002).

[44] *Id.*

Ms. Charles had no reasonable expectation of being subject to jurisdiction in a Texas court, as neither the Agreement nor the surrounding circumstances reflect any intent to submit to Texas jurisdiction. Plaintiff's assertion that payments were to be sent to Texas is a unilateral activity by Plaintiff and does not confer jurisdiction over Charles in Texas.

Accordingly, the exercise of personal jurisdiction over Ms. Charles in Texas would be improper and inconsistent with due process, and the Complaint should be dismissed for lack of personal jurisdiction.

**B.      Rule 12(b)(6) Motion To Dismiss Standard.**

A motion to dismiss for failure to state a claim upon which relief can be granted is brought pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[45] A complaint that fails to plausibly allege a required element for the stated cause of action must be dismissed.[46]

Fed. R. Civ. P. 8 requires the author of a Complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[47]

However, the plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal.[48] The court need only accept as true all well-pled, non-conclusory allegations, and the

---

[45] *Twombly*, 550 U.S. at 547.

[46] *See id.* at 562 ("[I]n practice, a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)).

[47] Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions).

[48] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

-

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and its "factual allegations must be enough to raise a right to relief above the speculative level."[49]

Claims related to fraud or misrepresentation are held to a higher pleading standard pursuant to Fed. R. Civ. P. 9(b). Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Further, a plaintiff asserting a claim for fraudulent misrepresentation must prove the following elements: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the plaintiff act upon it; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff thereby suffered injury.[50]

If the representation involves a promise to do an act in the future, the plaintiff must prove that at the time of the representation, the defendant had no intention of performing the act.[51]

Plaintiff's fraudulent misrepresentation claim against Charles arises out of nothing more than conclusory allegations which fail to support a claim meeting the federal pleading standard. Plaintiff merely alleges that Charles misrepresented her intent to pay at the time of contracting.[52] This allegation is conclusory and lacks any supporting facts.

---

[49] *Twombly*, 550 U.S. at 555, 570; *see also Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[50] *Enterprise Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283, 306 (Tex. App.—Houston [1st Dist.] 2020, *no pet.*) (*citing Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011)).

[51] *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992).

[52] Petition ¶¶ 34–40.

-

Plaintiff's allegations are precisely the type of vague, conclusory assertions prohibited by Rule 9(b), as well as *Iqbal*, *Twombly*, and their progeny. The Petition fails to plead with the particularity required for a claim of fraudulent misrepresentation, offering no specific facts as to who, what, when, where, or how the alleged fraud occurred, nor identifying any actionable statements or conduct by Charles. Absent well-pleaded factual allegations to support the claim, Plaintiff's cause of action for fraudulent misrepresentation fails as a matter of law and should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## IV.   CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant hereby requests this Court grant Defendant's Motion to Dismiss, dismissing the entire cause for lack of personal jurisdiction and dismissing Plaintiff's fraudulent misrepresentation claim pursuant to Rule 12(b)(6).  Defendant further requests such other and further relief, both at law and in equity, to which she may show herself justly entitled.

DATED: May 27, 2025

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

*/s/ Julie M. Christensen*
Jamil N. Alibhai
Texas Bar No. 00793248
Julie M. Christensen
Texas Bar No. 24105601
500 N. Akard, Suite 4000
Dallas, Texas 75201
(214) 855-7500 (telephone)
(214) 855-7584 (facsimile)
jalibhai@munsch.com
jchristensen@munsch.com

**QUARLES & BRADY LLP**
Sargina M. Desargones (*pro hac vice forth coming*)
State Bar No. 036640
One Renaissance Square
Two North Central Avenue, Suite 600
Phoenix, AZ 85004-2322
(602) 229-5252
sargina.desargones@quarles.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that, on May 27, 2025, a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic filing system.

*/s/ Julie M. Christensen*
Julie M. Christensen

11