IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, <br><br> *Plaintiff*, <br><br> v. <br><br> ALLISON CHARLES, <br><br> *Defendant*. | § § § § § § § § § § § § Civil Action No. 4:25-CV-00492-O |

# DEFENDANT ALLISON CHARLES' ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Allison Charles ("Charles" or "Defendant") responds to Plaintiff Legacy Medical Consultants, LP's ("Legacy") Original Petition.

## NATURE OF THE ACTION

1. To the extent that the statements in the "Nature of the Action" are construed as factual allegations, Defendant admits only that she signed a purchase agreement with Defendant (the "Agreement") and certain products were received from Plaintiff, but alleges that the Agreement attached as Exhibit A to the Original Petition is incomplete. Defendant alleges that the terms of the Purchase Agreement are self-evident and its effect and meaning will be determined in this case. Defendant denies the remaining allegations in paragraph 1.

## DISCOVERY CONTROL PLAN

2. Plaintiff's "Discovery Control Plan" is not a factual allegation to which a response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 2.

## RELIEF

3. Plaintiff's "Relief" is not a factual allegation to which a response is required. To

the extent a response is required, Defendant denies the allegations in Paragraph 3.

## PARTIES

4.   Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 4 and therefore denies them.

5.   Responding to the allegations in Paragraph 5, Defendant denies that her principal place of residence is 15333 West Hearn Road, Surprise, AZ 85379. Defendant admits the remaining allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.   Responding to the allegations in Paragraph 6, Defendant admits only that the United States District Court for the Northern District of Texas has subject matter jurisdiction over the claims asserted in the Petition.  Defendant denies the remaining allegations in Paragraph 6.

7.   Defendant denies the allegations in Paragraph 7, but does not dispute that this Court found personal jurisdiction exists over Charles.

8.   Defendant denies the allegations in Paragraph 8, but does not dispute venue in this case.

9.   Responding to the allegations in Paragraph 9, Defendant admits that the Purchase Agreement is governed by Texas law.

## FACTUAL ALLEGATIONS

I.   **Plaintiff Legacy Medical Consultants**

10.   Responding to the allegations in Paragraph 10, Defendant admits that Legacy markets amniotic tissue grafts, which assist in the treatment of wounds. Defendant is without knowledge and information sufficient to respond to the remaining allegations in Paragraph 10 and therefore denies the same.

11. Responding to the allegations in Paragraph 11, Defendant alleges that the Agreement she signed included an onboarding document that evidences the parties understood the products were ordered by and on behalf of ACharles Consult. Defendant is without knowledge and information sufficient to respond to the remaining allegations in Paragraph 11 and therefore denies the same.

12. Defendant is without knowledge and information sufficient to respond to the allegations in Paragraph 12 and therefore denies the same.

**II.   The Agreement with Charles**

13. Responding to the allegations in Paragraph 13, Defendant admits that she signed the Agreement, but alleges that the Agreement attached as Exhibit A to the Original Petition is incomplete and that the parties understood the products were ordered by and on behalf of ACharles Consult. Defendant further states that the terms of the Agreement are self-evident and their effect and meaning will be determined in this case.

14. Responding to the allegations in Paragraph 14, Defendant admits that she signed the Agreement and certain products were received from Plaintiff, but alleges that the Agreement attached as Exhibit A to the Original Petition is incomplete, and that the parties understood the products were ordered by and on behalf of ACharles Consult. Defendant further alleges that the terms of the Agreement are self-evident and their effect and meaning will be determined in this case.

15. Responding to the allegations in Paragraph 15, Defendant admits that t she signed the Agreement and certain products were received from Plaintiff, but alleges that the Agreement attached as Exhibit A to the Original Petition is incomplete, and that the parties understood the products were ordered by and on behalf of ACharles Consult. Defendant further states that the terms of the Agreement are self-evident and their effect and meaning will be determined in this

case.

16. Responding to the allegations in Paragraph 16, Defendant admits only that certain products were purchased from Plaintiff. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant is without knowledge and information sufficient to respond to the allegations in Paragraph 17 and therefore denies the same.

18. Defendant is without knowledge and information sufficient to respond to the allegations in Paragraph 18 and therefore denies the same.

19. Responding to the allegations in Paragraph 19, Defendant admits only that she received information regarding the status of shipment delivery.

20. Responding to the allegations in Paragraph 20, Defendant admits that she received an email confirming the order of products after an order was placed.

21. Responding to the allegations in Paragraph 21, Defendant admits only that she received emails from Plaintiff with invoices. Defendant denies the remaining allegations.

22. Responding to the allegations in Paragraph 22, Defendant admits that she signed the Agreement and certain products were received from Plaintiff, but asserts that the Agreement attached as Exhibit A to the Original Petition is incomplete, and that the parties understood the products were ordered by and on behalf of ACharles Consult. Defendant states that the terms of the Agreement are self-evident and their effect and meaning will be determined in this case.

**III.   Charles Fails to Pay Legacy at Least $853,425.92 that is Owed**

23. Responding to the allegations in Paragraph 23, Defendant admits that she signed the Agreement and  certain products were received from Plaintiff, but alleges that the Agreement attached as Exhibit A to the Original Petition is incomplete, and that the parties understood the products were ordered by and on behalf of ACharles Consult.  Defendant further asserts that the

terms of the Agreement and the transaction documents are self-evident and their effect and meaning will be determined in this case.

24. Paragraph 24 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the terms of the Agreement are self-evident and their effect and meaning will be determined in this case.

25. Responding to the allegations in Paragraph 25, Defendant admits only that she has not made the payment requested by Plaintiff.

26. Paragraph 26 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

27. Responding to the allegations in Paragraph 27, Defendant states that the invoices referred to therein are self-evident and their effect and meaning will be determined in this case.

28. Responding to the allegations in Paragraph 28, Defendant admits only that Plaintiff informed her of past due amounts. Defendant denies the remaining allegations in Paragraph 28.

29. Responding to the allegations in Paragraph 29, Defendant admits only that she has not made the payment requested by Plaintiff. Defendant denies the remaining allegations in Paragraph 29.

30. Responding to the allegations in Paragraph 30, Defendant states that the terms of the Agreement are self-evident and their effect and meaning will be determined in this case.

31. Paragraph 31 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant states that she signed the Agreement and certain products were received from Plaintiff, but alleges that the Agreement attached as Exhibit A to the Original Petition is incomplete, and that the parties understood the products were ordered by and on behalf of ACharles Consult. Defendant further asserts that the terms of the Agreement are

self-evident and their effect and meaning will be determined in this case.

## CONDITIONS PRECEDENT

32. Paragraph 32 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to respond to the allegations in Paragraph 32 and therefore denies the same.

## COUNT I
## FRAUDULENT MISREPRESENTATION

33. Defendant incorporates by reference her responses to Paragraphs 1 through 32 as though fully set forth herein.

34. Defendant denies the allegations in paragraph 34.

35. Responding to the allegations in Paragraph 25, Defendant asserts that she signed the Agreement and certain products were received from Plaintiff, but alleges that the Agreement attached as Exhibit A to the Original Petition is incomplete, and that the parties understood the products were ordered by and on behalf of ACharles Consult. Defendant further states that the terms of the Agreement are self-evident and their effect and meaning will be determined in this case.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Responding to the allegations in Paragraph 39, Defendant admits only that product was received from Plaintiff for use in connection with patient treatment. Defendant denies the remaining allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Responding to the allegations in Paragraph 43, Defendant admits only that she has not made the payment requested by Plaintiff. Defendant denies the remaining allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

## COUNT II
## BREACH OF CONTRACT

45. Defendant incorporates by reference her responses to Paragraphs 1 through 44 as though set forth fully herein.

46. Responding to the allegations in Paragraph 46, Defendant admits only that she signed the Agreement and certain products were received from Plaintiff, but alleges that the Agreement attached as Exhibit A to the Original Petition is incomplete, and that the parties understood the products were ordered by and on behalf of ACharles Consult. Defendant further states that the terms of the Agreement are self-evident and their effect and meaning will be determined in this case.

47. Paragraph 47 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant asserts that she signed the Agreement and certain products were received from Plaintiff, but alleges that the Agreement attached as Exhibit A to the Original Petition is incomplete, and that the parties understood the products were ordered by and on behalf of ACharles Consult. Defendant further states that the terms of the Agreement are self-evident and their effect and meaning will be determined in this case.

48. Responding to the allegations in Paragraph 48, Defendant admits that the Agreement states that it is governed by Texas law, but states that the Agreement attached as Exhibit A to the Original Petition is incomplete.

49. Responding to the allegations in Paragraph 49, Defendant admits only that she received certain product, statements, and invoices from Plaintiff. Defendant is without knowledge or information sufficient to respond to the remaining allegations in Paragraph 49 and therefore denies the same.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

## COUNT III
## IN THE ALTERNATIVE, QUANTUM MERUIT

52. Defendant incorporates by reference her responses to the allegations set forth in Paragraphs 1 through 51 as though set forth fully herein.

53. Responding to the allegations in Paragraph 53, Defendant admits only certain products were received certain from Plaintiff.  Defendant denies the remaining allegations in Paragraph 53.

54. Defendant is without knowledge or information sufficient to respond to the allegations in Paragraph 54 and therefore denies the same.

55. Responding to the allegations in Paragraph 55, Defendant states that Section 2 of the Agreement contains provisions regarding insurance use and verification. Defendant is without knowledge or information sufficient to respond to the remaining allegations in Paragraph 55 and therefore denies the same.

56. Responding to the allegations in Paragraph 56, Defendant admits only that she has not made the payment requested by Plaintiff. Defendant denies the remaining allegations in Paragraph 56.

57. Responding to the allegations in Paragraph 57, Defendant admits only that certain product was received from Plaintiff for use in connection with patient treatment.  Defendant

denies the remaining allegations in Paragraph 57.

58. Responding to the allegations in Paragraph 58, Defendant admits only that Plaintiff sent a request for payment on the dates identified in Paragraph 58.

59. Responding to the allegations in Paragraph 59, Defendant admits only that she has not made the payment requested by Plaintiff.

60. Defendant denies the allegations in Paragraph 60.

## COUNT IV
## IN THE ALTERNATIVE, PROMISSORY ESTOPPEL

61. Defendant incorporates by reference her responses to Paragraphs 1 through 60 as though set forth fully herein.

62. Responding to the allegations in Paragraph 62, Defendant admits that she signed the Agreement and certain product was received from Plaintiff, but alleges that the Agreement attached as Exhibit A to the Original Petition is incomplete, and that the parties understood the products were ordered by and on behalf of ACharles Consult. Defendant further states that the terms of the Agreement are self-evident and their effect and meaning will be determined in this case.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

## COUNT V
## IN THE ALTERNATIVE, UNJUST ENRICHMENT

66. Defendant incorporates by reference her responses to Paragraphs 1 through 65 as though set forth fully herein.

67. Responding to the allegations in Paragraph 67, Defendant admits only that certain product and invoices were recevied from Plaintiff.  Defendant is without knowledge or

information sufficient to respond to the remaining allegations in Paragraph 67 and therefore denies the same.

68. Responding to the allegations in Paragraph 68, Defendant admits only that certain product was received from Plaintiff for use in connection with patient treatment. Defendant denies the remaining allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

## SUIT ON SWORN ACCOUNT

71. Defendant incorporates by reference her responses to Paragraphs 1 through 70 as though set forth fully herein.

72. Responding to the allegations in Paragraph 72, Defendant states that the terms of the Agreement are self-evident and their effect and meaning will be determined in this case.

73. Responding to the allegations in Paragraph 73, Defendant states that the terms of the Agreement are self-evident and their effect and meaning will be determined in this case.

74. Paragraph 74 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74.

75. Defendant is without knowledge or information sufficient to respond to the allegations in Paragraph 75 and therefore denies the same.

76. Responding to the allegations in Paragraph 76, Defendant admits only that she has not made the payment requested by Plaintiff.

77. Defendant denies the allegations in Paragraph 77.

## REQUEST FOR JURY TRIAL

78. Paragraph 78 does not contain any allegations of fact to which a response is required.

79. Defendant denies Legacy is entitled to the Relief Requested in its "Conclusion and Prayer for Relief."

80. Defendant denies any and all allegations not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

81. This Court lacks personal jurisdiction over Defendant.

82. Plaintiff's Petition, in whole or in part, fails to state a claim upon which relief can be granted.

83. Defendant asserts it is not the proper party to this action. Defendant executed the Agreement referenced in the Petition solely in a representative capacity on behalf of ACharles Consult.

84. Defendant further asserts the defenses of frustration of purpose, offset, mitigation of damages, the economic loss rule, estoppel, and waiver.

85. Defendant reserves the right to assert any affirmative defenses based on additional information learned in discovery.

86. By alleging the matters contained herein as affirmative defenses, Defendant does not allege or admit that she bears the burden of proof or the burden of persuasion with respect to any of those matters.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Petition, Defendant demands judgment as follows with respect to Plaintiff's claims for relief:

A. That the claims against Defendant be dismissed in their entirety, Plaintiff taking nothing thereby;

B. For an award of costs in favor of Defendant and against Plaintiff;

C. For pre- and post-judgment interest on any sums awarded to Defendants at the

highest rate allowed under law until paid in full; and

    D.    For such other and further relief as the Court deems just and proper.

DATED: September 16, 2025

Respectfully submitted,

**QUARLES & BRADY LLP**

*/s/ Sargina M. Desargones*
Sargina M. Desargones (*pro hac vice*)
State Bar No. 036640
Jason D. Curry (*pro hac vice*)
State Bar No. 026511
Lauren Elliott Stine (*pro hac vice forth coming*)
State Bar No. 025083
One Renaissance Square
Two North Central, Suite 600
Phoenix, AZ 85004
(602) 229-5200
Sargina.Desargones@quarles.com
Jason.Curry@quarles.com
Lauren.Stine@quarles.com

**MUNSCH HARDT KOPF & HARR, P.C.**
Jamil N. Alibhai
Texas Bar No. 00793248
Julie M. Christensen
Texas Bar No. 24105601
500 N. Akard, Suite 4000
Dallas, Texas 75201
(214) 855-7500 (telephone)
(214) 855-7584 (facsimile)
jalibhai@munsch.com
jchristensen@munsch.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on September 16, 2025, a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic filing system.

*/s/ Sargina M. Desargones*
Julie M. Christensen
